833 A.2d 1104 (2003)
363 N.J. Super. 573
STATE of New Jersey, Plaintiff-Appellant,
v.
Jon C. SOHL, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Submitted October 16, 2003.
Decided November 6, 2003.
*1105 Robert D. Bernardi, Burlington County Prosecutor, attorney for appellant (Jennifer L. Bentzel, Assistant Prosecutor, of counsel and on the brief).
Respondent has not filed a brief.
Before Judges KESTIN, CUFF and LARIO.
The opinion of the court was delivered by LARIO, J.A.D.
Upon de novo review of defendant's conditional plea of guilty to a per se violation of driving while intoxicated, N.J.S.A. 39:4-50, the Law Division judge suppressed the results of the breathalyzer test administered to defendant. The reviewing judge held that the absence of the initial breathalyzer training course completion date on the test operator's breathalyzer certification card rendered the card invalid. Therefore, the certification card was inadmissible as proof that the operator was qualified to administer the test, warranting the exclusion of the test results. Romano v. Kimmelman, 96 N.J. 66, 90-91, 474 A.2d 1 (1984); State v. Johnson, 42N.J. 146, 171-172, 199 A.2d 809 (1964). The judge "reversed" the conviction of the municipal court and entered a judgment of "not guilty". He stayed his order pending appeal. The State appeals the judgment of the Law Division. We reverse and remand to the Municipal Court.
Prior to trial in the Southampton Township Municipal Court, defendant's attorney moved to exclude the results of the breathalyzer test. He argued that the Administrative Code (N.J.A.C. 13:51-1.3(a)) required proof of a valid operator's breathalyzer certification card as a condition precedent to the administration of the test and the subsequent admission of the test results into evidence at trial. The prosecutor advised the court that he was prepared to introduce the trooper-operator's original card[1] that "shows it was *1106 issued on June 24, 1988." On the back of the card are the dates of the trooper's attendance at the recertification courses, commonly referred to as "refresher courses". The prosecutor represented, without dispute, that the trooper "remained current with his qualifications," as the card demonstrated.[2] The card was properly completed and certified except for the date of the trooper-operator's initial course instruction completion date when he first was qualified as a breathalyzer operator. That line, which is on the back of the card, is blank.
The prosecutor argued to the municipal court:
The back of the card course dates, where there's a line for course dates that is blank, but the front of the card, again, this is the original card[3], shows it was issued on June 24, 1988. And, of course, the State's position is that the original course dates do not need to be listed on the back of an original card. It's only when a replacement card is issued when the original course dates are then inserted. But if we have the original card which also shows all the refresher courses that that is sufficient to establish a foundation that the trooper was properly trained and qualified to operate the breathalyzer with[out] any question.
Defendant's counsel disagreed and requested the opportunity to brief his position. The municipal judge stated: "Well, let me put it this way. I'm not going to exclude the breathalyzer reading because... course dates were not on his card.... I don't need a brief to make that decision." Defendant's attorney responded:
With your permission, if that's the court's ruling on our motion in limine to exclude based on that without briefs, then with the prosecutor's consent, we'll enter a conditional plea and respectfully request an opportunity to appeal to the Superior Court.
The prosecutor consented to defendant's request to enter a conditional guilty plea. A conditional plea was entered upon an appropriate fact basis. The judge noted defendant's breath test reading of .20%, and defendant's counsel advised the court that defendant was a second offender. Sentence was imposed of a $501 fine, $30 costs, $200 surcharge, $50 violent crime penalty, $75 safe street assessment, two-year driver's license suspension, thirty days jail, suspended, upon condition that defendant complete forty-eight hours in an intoxicated driver resource center program, and thirty days community service.
*1107 Defendant's argument in the Law Division, with which the Law Division judge agreed, was as follows:
(1) N.J.A.C. 13:51-1.7(a) provides:
Initial certification of an operator will be documented by the issuance of a certificate and replica which shows that the operator has completed the required course of training, including the date of the initial course completion and type of approved instrument, or instruments, upon which the operator has been certified. Said certifications, as evidenced by the certificate and replica, shall become valid upon satisfactory completion of training for initial certification ... and shall remain valid throughout the remainder of the calendar year corresponding to the date of initial course completion and shall remain valid throughout the next two calendar years.
§ 1.7(a) states that the operator's certificate and replica show that the operator completed his training course "including the date of the initial course completion."
(2) The initial course completion date is not set forth on the operator's certification card.
(3) Therefore, the card is invalid.
(4) N.J.A.C. 13:51-1.8(d) provides:
Any test conducted to analyze a person's breath, pursuant to procedures and methods contained in this chapter, by an operator whose certification is suspended, revoked, or invalid at the time such test is conducted, shall be considered invalid for presentation in evidence or testimony in a court of law or administrative hearing.
(5) The breathalyzer certification card is invalid and cannot be presented as evidence to establish the qualifications of the trooper to operate the breathalyzer, as required by Romano v. Kimmelman, supra.

Defendant's argument is flawed. The exclusionary provision of N.J.A.C. 13:51-1.8(d) does not apply to the facts of this case as the following analysis demonstrates: N.J.A.C. 13:51-1.8 contains four subsections of which § 1.8(d) is a part. N.J.A.C. 13:51-1.8 ordains the procedure for reinstatement of an operator's certification that has become invalid. N.J.A.C. 13:51-1.8(a), (b), and (c), require the operator who does not complete a recertification (refresher) course prior to the expiration of his certification, to attend and satisfy the requirements of a prescribed "reinstatement and recertification course".[4] *1108 Consequently, if the operator has validly completed his course certification, and it has not expired, N.J.A.C. 13:51-1.8 does not apply, and N.J.A.C. 13:51-1.8(d), the exclusionary section, would not bar the evidential admission of an unexpired breathalyzer certification card. In the present case, defendant did not contest the trooper-operator's current qualifications as established by his timely attendance at the recertification courses set forth upon his breathalyzer certification card. N.J.A.C. 13:51-1.8 and its subsections are applicable to an uncertified operator whose qualifications have lapsed for failure to attend the appropriate recertification courses. Therefore, N.J.A.C. 13:51-1.8(d) is not applicable to a properly certified operator whose operator's certification card is facially deficient, but who is otherwise qualified.
We then turn to N.J.A.C. 13:51-1.7(a) and defendant's argument that the trooper-operator's card is per se inadmissible because the initial course completion date is not set forth on the reverse side of the card. We hold that the initial course completion date does not have to be set forth on the initial certification card in order for that card to be valid. The underpinning for our holding begins with an analysis of N.J.A.C. 13:51-1.7(a), upon which defendant relies. § 1.7(a) establishes both the breath test operator's initial certification and the replica as the documentation that promulgates the operator's qualifications for the administration of the breath test. The issuance of this initial certification "shows that the operator has completed the required course of training" as prescribed by N.J.A.C. 13:51-1.6(a). § 1.6(a) sets forth the requirements for an operator's initial certification which include a minimum of five days training as prescribed and conducted by the Division of State Police. Only upon completion of this required course of training will the certification and replica be issued. The certification "become[s] valid upon satisfactory completion of training for initial certification... and shall remain valid throughout the remainder of the calendar year corresponding to the date of initial course completion and shall remain valid throughout the next two calendar years." N.J.A.C. 13:51-1.7(a). The date of issuance is set forth on the face of the certification. In this case, the trooper-operator's original replica certification is dated June 24, 1988. As the card would not be issued unless it has been validated by the operator's successful completion of the required course of training, his initial course completion date must be at least on, if not before, the date of issuance. The date establishing the validity of the card is the date of issuance, not the course completion date. The card's validity continues to the end of the second calendar year after the card was issued. Although the course completion date is referenced as a starting point in N.J.A.C. 13:51-1.7(a), a closer analysis of the wording makes it clear that the date of issuance is the critical date. The period of validity must begin with that date and carries forward to the end of the year the card was issued and for the following two calendar years.
Our analysis is further supported by N.J.A.C. 13:51-1.12(c) which describes the procedure for replacement of an operator's replica:
A replica will be replaced for an operator when the operator's replica has *1109 been lost and duly reported as lost, or is otherwise in need of replacement.... The replacement replica will bear the date of issuance of the replacement and bear the signatures, or facsimile signatures, of the Attorney General and the Superintendent of State Police. The reverse side of the replacement replica will show the date of the operator's original initial certification under N.J.A.C. 13:51-1.6(a)....
Here, specific reference is made to the reverse side of the operator's replica when it is a replacement. The date of the operator's initial certification is pertinent because the original course certification date will not correspond with the date of issuance of the replacement replica.[5]
Throughout our analysis we have referred to the "initial certification", the "replica", and, generically, the "card". The definitions set forth in N.J.A.C. 13:51.1.2 differentiate the "operator's certificate" and the "replica". Nevertheless, the replica which is maintained by the operator is evidence of the operator's qualification to operate the breathalyzer. The code provides for an evidential remedy should the replica appear deficient and be challenged as a document admissible at trial. N.J.A.C. 13:51-1.14 provides:
In any judicial proceeding, or other matter where the certification status of an operator or a breath test coordinator/instructor is called into question, the records of the Attorney General, as maintained by the Division of State Police under this chapter, shall be prima facie evidence of the status of a breath test operator or breath test coordinator/instructor.
We therefore hold that the original course completion date does not have to be set forth on the replica in order for it to be admissible as proof of the trooper-operator's certification as a qualified breathalyzer operator. Should a defendant have further argument regarding deficiencies in the trooper-operator's breathalyzer certification card, the State has the opportunity of correcting a deficiency with the original records as provided in N.J.A.C. 13:51-1.14.
As defendant entered a conditional guilty plea in municipal court, the Law Division judge should not have entered a judgment of acquittal. See State v. Golotta, 354 N.J.Super. 477, 483, 808 A.2d 135 (App.Div.2002), leave to appeal granted, 176 N.J. 70, 819 A.2d 1186 (2003). By its very nature, the conviction is not the result of a trial of the facts, although a fact basis is required before the plea of guilty can be accepted. An appeal from a conviction entered in municipal court upon a conditional guilty plea is an appeal of the municipal judge's denial of the defendant's motion in limine. Ibid. Rule 7:6-2(c) provides in pertinent part:
[A] defendant may enter a conditional plea of guilty, reserving on the record the right to appeal from the adverse determination of any specified pretrial motion. A defendant who prevails on appeal shall be afforded the opportunity to withdraw the guilty plea.
The de novo appeal of the motion was limited to the legal issue of the admissibility of the breathalyzer certification card of the trooper-operator. The case was not heard on its merits. The Law Division judge was empowered to make his findings and, upon reversal of the municipal court's ruling, return the case to the municipal court for further proceedings in accordance with his ruling. Defendant did not return to the municipal court where his plea remained viable. He did not retract *1110 his guilty plea. Therefore, the Law Division judge was unable to enter a finding of not guilty as defendant's plea of guilt remained entered upon the record in municipal court.
Defendant has not prevailed on appeal. Therefore, we reverse and remand this case to the Southampton Township Municipal Court where defendant is to comply with the terms of his sentence.
Reversed and remanded.
NOTES
[1] A copy of the breathalyzer card was not included in the record on appeal. Defendant does not contradict the prosecutor's description of the card and we therefore adopt that description as accurate. The original certification is maintained by the Division of State Police. See N.J.A.C. 13:51-1.14. The operator's "original" card is a "replica" which is a certification card "of a size that permits it to be carried in the pocket, purse, wallet, etc., and includes replacements...." N.J.A.C. 13:51-1.2.
[2] Recertification of an operator, whose certification is valid, requires satisfactory completion of one day of training including instruction in the applicable statutory and case law; instruction in the operation of the breath-testing instrument; laboratory practice with air samples passed through test solutions of alcohol; a written examination; and successful completion of a test for competency. N.J.A.C. 13:51-1.6(c). The recertification of the operator is "valid through the remainder of the calendar year corresponding to the completion date of the recertification course and shall remain valid throughout the next two calendar years." N.J.A.C. 13:15-1.7(b).
[3] The prosecutor is distinguishing the trooper-operator's card from a "replacement" card which is issued in the event that the replica card which is carried by the operator is lost. N.J.A.C. 13:51-1.12. Therefore, the prosecutor is referring to an original replica card that is not a replacement replica card.
[4] N.J.A.C. 13:51-1.8 provides:

Operator certification reinstatement
(a) The certification of an operator will become invalid on the day following the date set for expiration of the operator's present valid certification as set forth at N.J.A.C. 13:51-1.7, if the operator has not satisfied the requirement for recertification, as set forth at N.J.A.C. 13:51-1.6(c), before the expiration of said valid certification.
(b) An operator whose certification has become invalid for failing to be recertified, as set forth at N.J.A.C. 13:51-1.6(c), and whose certification has been invalid for less than one year, must attend and satisfy the requirements of the reinstatement and recertification course, as set forth at N.J.A.C. 13:51-1.6(d), conducted by the Division of State Police. Reinstatement and recertification under this subsection must be completed before one year from the expiration date set forth in (a) above, otherwise the operator must satisfy the requirements, as set forth at N.J.A.C. 13:51-1.8(c).
(c) An operator whose certification is invalid for failing to be recertified, as set forth at N.J.A.C. 13:51-1.6(c), or reinstated and recertified, as set forth at N.J.A.C. 13:51-1.6(d), and whose certification has been invalid for one year or more from the date of expiration set forth in (a) above, must attend and satisfy the requirements of the initial certification training course, as set forth at N.J.A.C. 13:51-1.6(a), conducted by the Division of State Police.
(d) Any test conducted to analyze a person's breath, pursuant to procedures and methods contained in this chapter, by an operator whose certification is suspended, revoked, or invalid at the time such test is conducted, shall be considered invalid for presentation in evidence or testimony in a court of law or administrative hearing.
[5] We note that reference is made to the original certification date and not the first course completion date. This illustrates the correlation between the two dates.